IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT LEWIS AND DINA LEWIS,
As Next Friend of JDL, a Minor, and
KAYLA MAPLES                                                        PLAINTIFF

           v.                               CIVIL NO. 13-2086

CAROLYN COLVIN, Commissioner
Social Security Administration                                      DEFENDANT

## MEMORANDUM OPINION

Robert and Dina Lewis ("Plaintiffs") bring this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying Robert Lewis' application for disability insurance benefits ("DIB") and

supplemental security income ("SSI"). ECF. No.1. The Defendant filed an answer to Plaintiff's

action on June 3, 2013, asserting that the findings of the Commissioner were supported by

substantial evidence and were conclusive. ECF No. 6.

On November 19, 2013, the Commissioner, having changed positions, filed a motion

requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order

to conduct further administrative proceedings. ECF No. 10. Robert Lewis passed away on October

3, 2011, one day before the Administrate Law Judge ("ALJ") rendered a decision in this matter. The

Defendant contends that remand is now necessary to allow the ALJ to hold another hearing, to permit

testimony, obtain additional evidence, reassess the residual functional capacity, and further evaluate,

to the extent possible under the circumstances, the credibility of the claimant's allegations. If

warranted, the Defendant proposes that the ALJ will also obtain vocational evidence.

The exclusive methods by which a district court may remand a social security case to the

Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand

pursuant to "sentence six" is limited to two situations:  where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency.  The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, we recommend GRANTING the Commissioner's motion to remand and remanding the case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 20th day of November 2013.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE